IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE OBER, and<br>LYNNE OBER, | : | Civil No. 1:19-CV-01171 |
| Plaintiffs, | : | |
| v. | : | |
| OCWEN FINANCIAL<br>CORPORATION, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendants' motion to dismiss arguing that Plaintiffs lack standing, and Plaintiffs fail to set forth a claim for injunctive relief and under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (Doc. 2.) This court holds that Plaintiffs lack standing to seek relief in this case because they are not a party to or beneficiary of the mortgage assignment at issue. Even if Plaintiffs had standing, the court also notes that dismissal is appropriate for failure to plead elements necessary for injunctive relief and a claim under the UTPCPL. For the reasons that follow, the motion to dismiss will be granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Dale and Lynn Ober ("Plaintiffs") initiated this action via complaint on June 20, 2019, in the Court of Common Pleas of Lebanon County, Pennsylvania. (Doc. 1-2.) The complaint sets forth two causes of action: Count I

1

for injunctive relief, and Count II for violation of the UTPCPL, 73 Pa. Cons. Stat. §§ 201-1 *et seq*. (*Id.*) On July 10, 2019, Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing Inc., Ocwen Loan Servicing, LLC, Ocwen Loan Services, and PHH Mortgage Services (collectively "Defendants") removed the action to this court. (Doc. 1.)

The following facts are gleaned from Plaintiffs' complaint and are taken as true for the purpose of ruling on Defendants' motion to dismiss. On March 5, 2004, Plaintiffs executed a mortgage on 819 Weavertown Road, Myerstown, PA. (Doc. 1-2, ¶¶ 7–8.) Since 2004, the mortgage has been transferred and assigned multiple times. (*Id.* ¶ 9.) As of August 14, 2009, Defendants claimed ownership of the mortgage through a series of assignments, including one by Linda Green. (*Id.* ¶ 10.) An assignment is the key to prove or disprove a servicer's right to enforce a loan or mortgage. (*Id.* ¶ 11.) Plaintiffs aver that Defendants have a defective title to the mortgage because Linda Green never executed the document. (*Id.* ¶¶ 13, 18.) Plaintiffs allege the Linda Green assignment is invalid for the purpose of creating rights to the mortgage and therefore Defendants have no interest in the premises at issue. (*Id.* ¶¶ 14–15.) Further, Plaintiffs assert that Defendants failed to notify them of the invalid assignment. (*Id.* ¶ 22.) Plaintiffs have continued to make payments to Defendants. (*Id.* ¶ 24.) As a result, Plaintiffs claim they suffered damages and prejudice because they are at risk of double

liability. (*Id.* ¶¶ 27, 41.) Plaintiffs are concerned the "true owner of the mortgage will seek to enforce that mortgage against [Plaintiffs]." (*Id.* ¶ 43.) Plaintiffs seek relief in the form of an injunction prohibiting Defendants, their agents, or assignees from attempting to collect any amounts from Plaintiffs and enforcing any "instrument, note or mortgage by virtue of the Lina Green Assignment;" an order marking the mortgage as satisfied; an order striking the Linda Green Assignment; and an order awarding damages to Plaintiffs. (*Id.* at 6–7.)[1]

On July 15, 2019, Defendants filed a motion to dismiss, followed by a brief in support on July 17, 2019. (Docs. 2–3.) Following a failure to timely oppose the motion, Plaintiffs were ordered to show cause why the motion should not be deemed unopposed on October 28, 2019. (Doc. 6.) Again, Plaintiffs did not respond to the order to show cause, and have not responded to Defendants' motion to dismiss. Thus, this motion is ripe for disposition.

## JURISDICTION

This court has original jurisdiction under 28 U.S.C. § 1332. The action was properly removed to this court under 28 U.S.C. §§ 1441 and 1446 because complete diversity of citizenship exists between Plaintiffs and Defendants, and the amount in controversy exceeds the sum of $75,000. Venue is proper under 28

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

U.S.C. § 1391 because the action was pending in the Court of Common Pleas for Lebanon County, Pennsylvania at the time of removal.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

In their motion to dismiss, Defendants set forth four arguments. (Doc. 2.) The first argument, that the mortgagee can enforce a loan in its capacity as holder

of the note, even if an assignment of the mortgage is invalid, will not be addressed in this opinion because Plaintiffs have not alleged any facts in the complaint contrary to Defendants' argument and Plaintiffs' complaint implicitly accepts that Defendants hold the note. The court will address the remaining three arguments in turn.

### A. Plaintiffs' complaint is dismissed because they lack standing.

Defendants argue that Plaintiffs do not have standing to challenge the assignment of the mortgage because they are not parties to, nor third-party beneficiaries to the agreement. (Doc. 3, p. 7.) A borrower lacks standing to challenge the validity of an assignment. *HSBC Bank USA v. Mid Cty. Res.*, No. 3055 CV 2010, 2014 WL 10589052, at *4 (Pa. Ct. Com. Pl. Jan. 22, 2014) (holding the defendant lacked standing to challenge the validity of the assignment as the borrower) (citing *JP Morgan Chase Bank, NA v. Murray*, 63 A.3d 1258, 1264–65 (Pa. Super. Ct. 2013)). The borrower does not have standing to challenge a mortgage assignment because a borrower can only suffer from an assignment of a mortgage if they pay the same claim twice. *Sounders v. Bank of Am.*, No. 1:12–CV–1074, 2013 WL 5937324, at *5 (M.D. Pa. Nov. 4, 2013) (dismissing the borrower's challenge to the assignment of mortgage).

In this case, Plaintiffs do not allege that they are parties to or beneficiaries of the assignment of mortgage. Further, Plaintiffs do not allege they have been asked

to pay the mortgage twice, nor have they alleged that they actually paid twice.

Therefore, Plaintiffs lack standing to challenge the assignment of mortgage.

Because Plaintiffs lack standing, the complaint will be dismissed.

### B. Even if Plaintiffs had standing, Plaintiffs' complaint fails to state a claim for which relief can be granted.

#### 1. Injunctive relief

Plaintiffs seek injunctive relief against the enforcement of the mortgage by Defendants. (Doc. 1-2, ¶¶ 36–37.) In deciding whether to grant an injunction, the court must consider the following four elements. Whether:

> (1) The moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest.

*Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001) (citing *ACLU v. Black Horse Pike Reg'l Bd. of Educ.*, 84 F.3d 1471, 1477 nn. 2–3 (3d Cir. 1996)).

Plaintiffs do not plead the four factors set forth above. Nonetheless, Defendants have argued that the Plaintiffs cannot meet these four elements. (Doc. 3, p. 5.) First, Plaintiffs cannot succeed on the merits because Plaintiffs lack standing, among other reasons addressed in the motion. (*Id.*) Second, Plaintiffs would not be irreparably injured because there is no evidence that any other party, aside from Defendants, is attempting to collect on the mortgage. (*Id.*) Third, Plaintiffs cannot succeed on the third element because enjoining Defendants from

collecting the mortgage would result in "great harm" to the Defendants. (*Id.*) Finally, injunctive relief would not be in the public interest because the relief sought would only benefit Plaintiffs. (*Id.*)

Since Plaintiff did not allege these four elements, the Defendants have argued that Plaintiffs cannot establish these elements, and Plaintiffs did not respond to Defendants' motion to dismiss, the court concludes that Plaintiffs are not entitled to injunctive relief, and Count I will be dismissed.

### 2. **Pennsylvania Unfair Trade Practices and Consumer Protection Law**

There are two requirements that must be met to bring an action under the UTPCPL – ascertainable loss and justifiable reliance. The UTPCPL prohibits "unfair methods of competition" and "unfair or deceptive acts or practices" in the conduct of trade or commerce. *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) (citations omitted). The statute creates a private right of action for those who sustain an "ascertainable loss" due to the prohibited acts or practices of others. *Id*. In order to proceed with a UTPCPL private action, a plaintiff must plead that they suffered an "ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act." 73 Pa. Con. Stat. § 201-9.2(a). To meet this requirement, "a private plaintiff pursuing a claim under the statute must prove justifiable reliance." *Hunt*, 538 F.3d at 221; *see Yocca v. Pittsburgh Steelers*

*Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004). In order to bring a UTPCPL action, the plaintiff needs to meet the requirements of justifiable reliance and ascertainable loss. *Grimes v. Enterprise Leasing Co. of Phila., LLC*, 105 A.3d 1188, 1194 (Pa. 2014).

Plaintiffs did not plead justifiable reliance. Plaintiffs only mention reliance in the context of executing a mortgage modification agreement. (Doc. 2-1, ¶ 25.) The complaint states that Plaintiffs relied on "Defendants' failure to notify Plaintiffs of the forgery and related litigation in various jurisdictions." (*Id.*) However, Plaintiffs fail to allege any reliance on the alleged invalid assignment of the mortgage. (Doc. 3, p. 11.) Plaintiffs admit the assignment was a matter of public record since 2009, yet they continued to pay their mortgage and obtained the benefit of a loan modification agreement through present day. (Doc. 2-1, ¶¶ 10, 24–25.)

Plaintiffs allege that Defendants' conduct in attempting to enforce a mortgage without informing Plaintiffs of the allegedly forged agreement caused Plaintiffs to suffer damage and prejudice. (Doc. 1-2, ¶¶ 39–41.) Plaintiffs further allege that they "incur the risk that the true owner of the mortgage will seek to enforce that mortgage against Defendants." (*Id.* ¶ 43.) These are not ascertainable losses as required by the UTPCPL. Plaintiffs allege there may be others besides Defendants trying to collect on the mortgage, however, they do not allege that this

actually occurred.  As a result, this concern is only hypothetical.  Hypothetical losses cannot be the basis of a claim under the UTPCPL's private right of action.  *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 180–81 (3d Cir. 2015).  Furthermore, Plaintiffs do not plead any facts supporting their alleged losses.  (Doc. 3, p. 12.)  Courts do not need to accept conclusory boilerplate language as true on a motion to dismiss.  (*Id.*)

Since Plaintiffs do not plead justifiable reliance, nor do they show any ascertainable loss, Plaintiffs are not entitled to judgment against Defendants under the UTPCPL.  Thus, Count II of Plaintiffs' complaint will be dismissed.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss will be granted and Plaintiffs' complaint will be dismissed with prejudice.  An appropriate order will issue.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: April 16, 2020